In re Michael A. FRANGOS, Debtor.

Saul EISEN, Trustee, Plaintiff,

v.

Michael A. FRANGOS,
et al., Defendants.

Bankruptcy No. B90–02673.
Adv. No. B90–1404.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Oct. 21, 1991.

Motion to Amend Judgment
Denied Jan. 9, 1992.

Frederic P. Schwieg, Kahn, Kleinman, Yanowitz & Arnson Co. LPA, Cleveland, Ohio, for plaintiff.

Jack L. Hollingsworth, Cleveland, Ohio, for defendants.

## MEMORANDUM OF OPINION
## AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is Trustee's motion for summary judgment on his complaint to recover real property and the reply of Defendant–Debtor, Michael A. Frangos. This is a core proceeding within the Court's jurisdiction. 28 U.S.C. §§ 1334(a), (b), 157(b)(2)(E), (H), (O). Count I of the complaint seeks recovery of Debtor's interest in a trust as an asset of the estate pursuant to Section 541 of the Bankruptcy Code. 11 U.S.C. § 541. Since Count I contains no genuine issues of material fact, summary judgment is appropriate. Bankruptcy Rule 7056. Moreover, there is no justification to delay entry of judgment on Count I. Bankruptcy Rule 7054.

On consideration of the file, pleadings and exhibits the relevant facts are as follows:—

1) Defendant–Debtor, Michael A. Frangos, filed a petition under Chapter 7 of the United States Bankruptcy Code on June 11, 1990. Saul Eisen, Plaintiff, is the appointed case trustee.

2) Defendant, Fouly Frangos, is the Debtor's wife. Defendant, Steven Frangos, is the son of Fouly and Michael. Steven and Defendant, Nicholas, have testamentary interests in the trust.

3) Defendant, Jack L. Hollingsworth, is the trustee of a trust created by Fouly and Michael.

4) The trust was established on September 13, 1978. Its corpus was to be the residence of Fouly and Michael A. Frangos, 2795 Brainard Road, Pepper Pike, Ohio. In accordance with the trust, Fouly and Michael transferred their interest in their home to the trustee by deed.

5) Pursuant to the trust agreement, the trustee holds the real estate "for the benefit of Fouly and Michael A. Frangos." Upon their death the trust assets are to be "conveyed to their issue, share and share alike" and the trust terminated.

6) The trustee is precluded from making any disposition of the trust assets without Fouly and Michael's permission as follows:—

"Trustee is hereby empowered, only after receiving Grantors' permission, to buy, sell, mortgage and otherwise change the character and/or type of assets in this trust."

7) The trust agreement contains spendthrift provisions, as follows:—

"Each beneficiary hereunder is hereby restrained from anticipating, encumbering, alienating or in any other manner assigning his or her interest or estate in either principal or income, and is without power to do so, nor shall such interest or estate be subject to his or her liabilities or obligations, nor to judgment or other legal process, bankruptcy proceedings, or claims of creditors or others."

Section 541 of the Bankruptcy Code defines "property of the estate." 11 U.S.C. § 541. Generally, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. 11 U.S.C. § 541(a). This includes a debtor's interest regardless of any provision in an agreement that restricts or conditions transfer. 11 U.S.C. § 541(c)(1). Section 541(c)(2), however, is an exception to the rule of inclusivity and provides that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case

under this title." 11 U.S.C. § 541(c)(2). Applicable non-bankruptcy law in the context of this exception includes a reference to state spendthrift trust law. See 4 Collier on Bankruptcy ¶ 541.23 (15th ed. 1991). The parties agree the trust in issue is not a valid enforceable spendthrift trust based on the beneficiaries' status as grantors of the trust. *Sherrow v. Brookover*, 174 Ohio St. 310, 189 N.E.2d 90 (1963). Further, its agreed the Debtor's interest under the trust is an asset of the estate. See generally, Restatement (Second) of Trusts § 156 (1959). The issue for decision is the extent of Debtor's interest.

Defendant–Debtor asserts his children have a vested remainder interest in the trust which cannot be touched by his creditors. This argument is without merit. Debtor is a beneficiary of a trust under which the trustee holds the property for Debtor's benefit. There are no limitations concerning the term "benefit". Moreover, as grantor, the Debtor retained the right to empower the trustee to buy, sell, mortgage or otherwise change the character of the trust assets. The bankruptcy trustee succeeds to these interests and rights unimpeded by the invalid spendthrift provisions. The trust corpus, the real estate located at 2795 Brainard Road, Pepper Pike, Ohio, is therefore an asset of the bankruptcy estate.

## CONCLUSION

Defendant–Debtor's interest in the trust corpus is an asset of his bankruptcy estate pursuant to Section 541 of the United States Bankruptcy Code.