In re Michael A. FRANGOS, Debtor.

Saul EISEN, Trustee, Plaintiff,

v.

Michael A. FRANGOS,
et al., Defendants.

Bankruptcy No. B90–02673.
Adv. No. B90–1404.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Jan. 9, 1992.

Frederic P. Schwieg, Kahn, Kleinman, Yanowitz & Arnson Co., LPA, Cleveland, Ohio, for plaintiff.

David B. Shillman, David B. Shillman Co., LPA, Cleveland, Ohio, for debtor and defendants.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court are Defendants' motion to amend judgment pursuant to Federal Rules of Bankruptcy Procedure 9023, briefs in support and Plaintiff–Trustee's briefs in opposition thereto. On October 21, 1991 summary judgment was entered for Trustee on Count I of his complaint for recovery of real property. 132 B.R. 723. Judgment was predicated on the determination that Debtor's interest in real property at 2795 Brainard Road, Pepper Pike, Ohio is an asset of his bankruptcy estate pursuant to Section 541 of the Bankruptcy Code. 11 U.S.C. § 541. Defendants request amendment of the judgment on several grounds.

The real property was determined to be an asset of the bankruptcy estate due to the invalidity of Debtor's spendthrift trust under Ohio law. This decision resulted from the Debtor and his wife, settlors of the trust, being beneficiaries thereunder. Defendants seek amendment of judgment because of a recent decision of the Ohio Supreme Court.

In granting summary judgment, *Sherrow v. Brookover*, 174 Ohio St. 310, 22 O.O.2d 373, 189 N.E.2d 90 (1963), was cited for the proposition that spendthrift trusts are invalid when created by a settlor for his own benefit. *Sherrow* is most noted, however, for establishing invalidity of spendthrift trusts generally under Ohio law. The general validity of spendthrift trusts was neither an issue nor was it discussed by this Court in granting summary judgment. *Sherrow* was recently overruled by the Ohio Supreme Court in *Scott v. Bank One Trust Co., N.A.*, 62 Ohio St.3d 39, 577 N.E.2d 1077 (1991). The *Scott* decision is relied upon for the requested amendment of judgment.

In *Scott*, the Court determined spendthrift trusts are generally enforceable in Ohio. The decision overruled *Sherrow* which held such restraints on the involuntary transfer of a beneficiary's continuing enforceable rights in a trust are invalid absent legislative authority. Defendants argue the *Scott* decision's overruling of the general invalidity of spendthrift trusts results in the validity of self-settled spendthrift trusts. This argument is without merit.

*Scott* did not involve a self-settled spendthrift trust nor did it overrule *Sherrow* insofar as it followed the general rule regarding invalidity of such trusts. In *Scott* the court specifically recognized and adopted limits on an owner's freedom regarding disposition of property outlined in *Sherrow*. "[A]s a matter of policy, it is desirable for property owners to have within reasonable bounds, the freedom to do as

they choose with their own property. That freedom is not absolute as we recognized in *Sherrow*. But it is a policy consideration to be balanced against other policy considerations." *Scott* at 47, 577 N.E.2d 1077. One of the policy considerations and limitations generally recognized is the invalidity of spendthrift trusts where the settlor is a beneficiary. See generally 91 O.Jur.3d, Trusts § 194 (1989). This limitation is outlined in the Restatement of Trusts, Restatement (Second) of Trusts § 156 (1959). Moreover, it is widely recognized in various treatises on the subject. See Griswold, Erwin N., Spendthrift Trusts § 474 (2d ed. 1947), II A, Scott on Trusts § 156 (Fratcher 4th ed. 1987). Clearly, the Ohio Supreme Court's decision *regarding the validity of* spendthrift trusts in *Scott* did not remove this long standing prohibition. Request for amendment of judgment based on the decision is, therefore, inappropriate.

█ In support of the second reason for requesting amendment, Defendants argue this Court's decision ignores and mischaracterizes the interest of the issue of Michael and Fouly Frangos. That interest was found to be testamentary by virtue of Defendants' admission in answer to paragraph 7 of Trustee's complaint which asserts the interest was testamentary. See Answers filed by Jack L. Hollingsworth, Steven and Nicholas Frangos and Michael Frangos. Under these circumstances, however, it is immaterial whether their interest is described as testamentary or a vested interest subject to total divestment. Their interest has no value since it is subject to *terms of the trust which permit totality of* trust assets to be used for the benefit of the settlor-beneficiaries. See Ohio Rev. Code § 1335.01(A), *Jensen v. Hall,* 22 B.R. 942 (Bankr.M.D.Fla.1982). Defendants argue the trust terms do not permit disposition of trust assets. This argument is without merit. Pursuant to the trust agreement the assets are held "for the benefit of Fouly Frangos and Michael A. Frangos." In addition, the trustee is empowered, after receiving settlors' permission, "to buy, sell mortgage and otherwise change the character and/or type of assets in the trust." "Only after the death of the grantors are *remaining* assets to be conveyed to their issue." (emphasis added). Under these terms, clearly trust assets can be dissipated for Debtor's benefit. The Trustee, therefore, succeeds to these rights unimpeded by spendthrift trust provisions.

Additionally, Defendants argue amendment or clarification of the judgment is necessary to reflect the interest of Fouly Frangos. It is noteworthy that Fouly Frangos is in default of answer in this proceeding. Nevertheless it is apparent that only the Debtor's interest in the real estate is an asset of the estate. Trustee's brief in opposition to Defendants' reply brief reflects his intention to recognize the interest of Fouly Frangos if the property is sold.

## CONCLUSION

Defendants' motion to amend judgment is without merit and is denied except insofar as the legal discussion herein is incorporated as part of the previous Memorandum of Opinion and Decision entered October 21, 1991.

## JUDGMENT

For reasons contained in the Memorandum of Opinion and Decision filed contemporaneously with this judgment,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' motion to amend judgment is denied. Defendant–Debtor's interest in the corpus of the trust established on September 13, 1978 is an asset of the bankruptcy estate pursuant to Section 541 of Title 11 of the United States Code.